**PAUL D. VESTAL**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**James F. Battin U.S. Courthouse**
**2601 Second Ave. North, Suite 3200**
**Billings, MT 59101**
**Phone:       (406) 657-6101**
**Email:       paul.vestal@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BILLINGS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**HOWARD DALE AMOS,**<br><br>**Defendant.** | **CR 24-21-BLG-SPW**<br><br><br><br>**UNITED STATES'**<br>**SENTENCING MEMORANDUM** |

The United States of America, represented by Assistant U.S. Attorney Paul

D. Vestal, files the following in anticipation of the sentencing hearing set in this

case for October 24, 2024.

//

1

## INTRODUCTION

The Defendant pled guilty to the indictment charging him with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). The Presentence Investigation Report ("PSR") prepared by the United States Probation Office has calculated the Defendant's advisory guideline range at 57 to 71 months based on upon a total offense level of 25 and a criminal history category of I. PSR ¶ 64. The United States has no objection to the PSR and respectfully requests the Court impose a low-end guideline sentence with three years of supervised release to follow.

## DEFENSE OBJECTIONS

As noted in the Addendum to the Presentence Report, the Defendant's objections have been incorporated into the final presentence report. The United States has no objection to the modifications made based upon the Defendant's objections.

## ARGUMENT

Section 3553(a) of Title 18 of the United States Code contains a list of factors courts consider in imposing a sentence. The list is preceded by what has become known as the parsimony principle, requiring courts to "impose a sentence sufficient, but not greater than necessary, to comply with" four identified purposes

– just punishment, deterrence, protection of the public, and rehabilitation. To meet this requirement, the statute directs courts to take into account the nature and circumstances of the offense and the history and characteristics of the defendant, as well as "the need for the sentence imposed" to meet the four overarching aims of sentencing. Additionally, the court must consider the kinds of sentences available, the sentencing guidelines and policy statements, and unwarranted sentencing disparities, and restitution to the victim. 18 U.S.C. § 3553(a)(1), (3) - (7).

In this case, a sentence to a low-end guideline sentence, followed by three years of supervised release satisfies the § 3553(a) criteria. Further, when evaluating the nature and circumstances of this specific offense, in conjunction with the defendant's history and characteristics, this sentence is reasonable.

Amos has a history of distributing dangerous drugs and admitted drug usage. His actions have contributed to this community's continuing methamphetamine endemic since at least 1997. This conviction will be his fourth lifetime felony conviction. He has received many opportunities in the past, including multiple deferred sentences, yet none have appeared to thwart Amos's criminal behavior. Notably, Amos was on state supervision at the time of the current offense. Thus, specific deterrence through a sentence of incarceration is appropriate. However, the government recognizes the many difficulties and struggles (as outlined in the

presentence report) that Amos has encountered and continues to face.

## CONCLUSION

The government respectfully requests the Court impose a low-end guideline sentence followed by three years of supervised release. This sentence is sufficient but not greater than necessary.

DATED this 9th day of October, 2024.

JESSE A. LASLOVICH
United States Attorney

*/s/ Paul D. Vestal*
PAUL D. VESTAL
Assistant U.S. Attorney

4